METRO. SEWERAGE DIST. v. N.C. WILDLIFE RESOURCES COMM.

[100 N.C. App. 171 (1990)]

and who allegedly were injured by defendant's alleged wrongful cutting of trees from that property. Defendant, who had a timber deed executed by Clarence Parker Alford, Administrator of Frank O. Alford's estate, and approved by the court, filed a third-party complaint against the estate of Clarence Parker Alford. Some of the proposed class members are heirs of both Frank O. Alford and Clarence Parker Alford; others are not. Affidavits filed with the court show that several heirs do not support the action; two affiants admit having had actual notice of the sale of the timber deed. Thus, it appears that the proposed class members are not united in interest from the outset and each do not share an interest in the same issue of law or fact which predominates over issues affecting only individual class members. *Id.* at 280, 354 S.E.2d at 464. We therefore hold that the trial court, in the exercise of its discretion, properly refused to certify plaintiff's action as a class action.

Affirmed.

Judges ARNOLD and PHILLIPS concur.

---

METROPOLITAN SEWERAGE DISTRICT OF BUNCOMBE COUNTY, NORTH CAROLINA, PETITIONER v. NORTH CAROLINA WILDLIFE RESOURCES COMMISSION, RESPONDENT

No. 8928SC1301

(Filed 21 August 1990)

**Administrative Law and Procedure § 30 (NCI4th)— rejection of site specific study—agency action—contested case**

An order of the Superior Court affirming an administrative law judge's dismissal of petitioner's petition for lack of jurisdiction was remanded for further appropriate proceedings where petitioner arranged for a site specific study of streamflow requirements for its Craggy Dam Project after being issued a license exemption from the Federal Energy Regulatory Commission (FERC); the study was submitted to respondent and the U.S. Fish and Wildlife Service (USFWS) in compliance with a condition contained in the exemption that a site specific study would be accepted as an alternate determination of

minimum streamflow if it met with the approval of respondent and USFWS; respondent in cooperation with USFWS rejected the site specific study and imposed streamflow requirements that substantially differed from those established by the study; and petitioner filed a petition for a contested case hearing. There is clearly a dispute between respondent agency and petitioner concerning the minimum streamflow requirements for petitioner's hydroelectric power project; the dispute involves a determination of petitioner's rights, duties or privileges; there was not a resolution of the dispute through informal procedures; and petitioner properly initiated an administrative proceeding to determine its rights, duties, or privileges. Although it is true that a federal agency issued the license exemption, federal law has not preempted state action to the extent that the respondent has the opportunity to impose project specific conditions on petitioner.

**Am Jur 2d, Administrative Law §§ 776, 777, 781.**

APPEAL by petitioner from order entered 15 September 1989 in BUNCOMBE County Superior Court by *Judge Hollis M. Owens.* Heard in the Court of Appeals 31 May 1990.

In August 1983 petitioner applied to the Federal Energy Regulatory Commission (FERC) for an exemption from licensing for its Craggy Dam Project, a small hydroelectric power plant to supply power for the operation of petitioner's sewerage treatment plant. Pursuant to federal law, respondent and the United States Fish and Wildlife Service (USFWS) were informed of petitioner's application and allowed to comment concerning terms and conditions necessary to prevent loss of or damage to fish or wildlife resources. Respondent provided FERC with comments on petitioner's application for exemption, including recommendations regarding minimum streamflow requirements.

On 25 January 1984 FERC issued a license exemption to petitioner which included respondent's conditions concerning minimum streamflow requirements. The exemption stated that "alternative flows which may be determined by the applicant via utilization of site specific studies approved by the Wildlife Resources Commission and the U.S. Fish and Wildlife Service" would also be acceptable.

Petitioner arranged for a site specific study to be conducted and submitted the results to respondent. Respondent rejected the

lower flow requirements supported by the site specific study. Petitioner then filed a petition with the Office of Administrative Hearings (OAH) for a contested case hearing regarding the rejection of its site study results. An administrative law judge (ALJ) dismissed the petition for lack of jurisdiction. Petitioner filed a petition in Buncombe County Superior Court for judicial review of the ALJ's order. From the superior court's order affirming the order of the ALJ, petitioner appeals.

*Roberts Stevens & Cogburn, P.A., by Allan P. Root and Gwynn G. Radeker, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Melissa L. Trippe, for respondent-appellee.*

WELLS, Judge.

The issue on appeal is whether the superior court erred in affirming the decision of the ALJ dismissing petitioner's petition for lack of jurisdiction. The ALJ concluded that no agency action as contemplated by the "contested case" requirement of an "administrative proceeding" as set forth in N.C. Gen. Stat. § 150B-2(2) (1987) had taken place on the part of respondent. Petitioner contends that respondent's rejection of its study and of its request for lower streamflow requirements constituted agency action giving rise to a dispute which ultimately became a "contested case" over which the OAH has jurisdiction. We agree.

N.C. Gen. Stat. § 150B-22 (1987) of the North Carolina Administrative Procedure Act (APA) in pertinent part provides:

> It is the policy of this State that any dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing . . . , should be settled through informal procedures. . . . [however] Notwithstanding any other provision of law, if the agency and the other person do not agree to a resolution of the dispute through informal procedures, either the agency or the person may commence an administrative proceeding to determine the person's rights, duties, or privileges, at which time the dispute becomes a "contested case."

G.S. § 150B-22.

METRO. SEWERAGE DIST. v. N.C. WILDLIFE RESOURCES COMM.

[100 N.C. App. 171 (1990)]

After being issued a license exemption from FERC for the Craggy Dam Project in 1984, petitioner arranged for a site specific study of streamflow requirements for the project. The study was submitted to respondent and the USFWS in compliance with the condition contained in the exemption that a site specific study would be accepted as an alternate determination of minimum streamflow if it met with the approval of respondent and USFWS. In a letter to petitioner, respondent, in cooperation with USFWS, rejected the site specific study and imposed streamflow requirements that substantially differed from those established by the site specific study. After its site specific streamflow study was rejected, petitioner filed a verified petition for a contested case hearing with the OAH in July 1988.

In the present case there is clearly a dispute between respondent agency and petitioner concerning the minimum streamflow requirement for petitioner's hydroelectric power project. The dispute involves a determination of petitioner's "rights, duties, or privileges," because petitioner's option pursuant to the clause in its license exemption to use an alternate streamflow in the operation of its power plant was foreclosed by respondent's refusal to approve the alternate flows. There was no resolution of the dispute through informal procedures. Consequently, petitioner properly initiated an administrative proceeding to determine its rights, duties, or privileges in light of respondent's rejection of its site specific study.

Respondent attempts to argue that its action in this case could not constitute agency action because the state is preempted from acting in this area by the federal government. While it is true that FERC, a federal agency, issued the license exemption, to the extent that respondent has the opportunity to impose project specific conditions on petitioner, federal law has not preempted state action. This record shows that it is state action—not federal—which has imposed upon petitioner the streamflow requirements from which it seeks relief.

We hold that in the present context, respondent's rejection of petitioner's site specific study constituted agency action giving rise to a "dispute between an agency and another person" (petitioner is a "person" pursuant to N.C. Gen. Stat. § 150B-2(7) (1987) ). When petitioner filed its verified petition for a contested case, the dispute effectively became a contested case over which the OAH has jurisdiction. We therefore reverse the order of the superior

court affirming the ALJ's dismissal of petitioner's petition and remand to the Superior Court of Buncombe County for entry of judgment remanding this case for further appropriate proceedings consistent with this opinion.

Reversed and remanded.

Judges PARKER and DUNCAN concur.